ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1918.)

No. 3239.

1. COMMERCE ⬌27(2)—SAFETY APPLIANCE ACT—RAILROADS SUBJECT TO ACT.

A railroad company, having its line wholly in Texas and incorporated therein as required by the state law, but which, with its connections, constitutes part of the interstate system of railroads, is subject to the provisions of the Safety Appliance Act March 2, 1893 (Comp. St. §§ 8605–8612).

2. COMMERCE ⬌27(3)—RAILROADS—SAFETY APPLIANCE ACT.

A railroad company subject to the provisions of Safety Appliance Act March 2, 1893 (Comp. St. §§ 8605–8612) is liable for an injury to an employé resulting from violation of that act, regardless of whether the particular car not properly equipped was at the time employed in interstate commerce.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Action by Frank Smith against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Affirmed.

S. P. Ross and Sam R. Scott, both of Waco, Tex., for plaintiff in error.

A. L. Curtis, of Belton, Tex., and Winbourn Pearce, of Temple, Tex., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. [1] Defendant in error, plaintiff below, alleged injuries resulting from a failure of defendant railway company to comply with the Safety Appliance Act of Congress (Act March 2, 1893, c. 196, 27 Stat. 531 [Comp. St. §§ 8605–8612]). Issue is made as to the applicability of the act. If the company's line was an interstate highway, and as such used in interstate commerce, the company is liable for injuries resulting from a failure to furnish the character of equipment required by the act. It was agreed by the parties:

That at all times mentioned in plaintiff's petition, and for many years previous thereto, the St. Louis Southwestern Railway Company was a Texas corporation, with its line extending from Texarkana, Tex., to Waco, Tex., so far as this suit is concerned. That as such railroad, in the operation of its business as a common carrier, it handled and hauled over its line interstate commerce when tendered to it for that purpose. It is not agreed, however, that the particular car in question, or any car in connection with the train in which it was moving, was carrying interstate commerce at the time of the plaintiff's injury; and it is not agreed that plaintiff was employed by the defendant in interstate commerce at that time.

[2] The plaintiff in error, as all railroad companies in Texas (with exceptions), is a Texas corporation, with authority to connect at the

state line with other railroads. These railroads within the state are connected up with the other railroads of the country, and constitute with them the interstate system of railroads, upon which the bulk of the interstate transportation is conducted. Possibly the stipulation quoted above is not as broad as the facts judicially known, but enough appears from the agreement to establish the interstate character of the defendant company's line. That the particular cars, not properly equipped, may not have been at the time engaged in interstate commerce, is immaterial. Southern Ry. Co. v. United States, 222 U. S. 20, 32 Sup. Ct. 2, 56 L. Ed. 72; T. & P. Ry. Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874.

The charge of the court, together with special charges given at the request of defendant, fully and correctly gives the applicable law.

The judgment is affirmed.